IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Matthew Bowman | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. _____ |
| | § | |
| Cosco Shipping Lines Co., Ltd., | § | |
| Cosco Shipping Lines (North America), Inc. | § | |
| and Cosco Auckland Maritime Ltd. | § | |
| | § | |
| Defendants. | § | |

**Plaintiff's Original Complaint**

Plaintiff Matthew Bowman brings this action complaining of Defendants Cosco Shipping Lines Co., Ltd., Cosco Shipping Lines (North America), Inc. and Cosco Auckland Maritime Ltd., (collectively "Cosco") and would respectfully show the Court that:

**I.**

**Jurisdiction**

1. This claim is maintained under the general maritime law of the United States and/or Texas law in the alternative.

**II.**

**Venue**

2. Venue is proper in this Division because Defendants are located here and do a substantial amount of business in this Division and the incident occurred in this Division.

**III.**

**Parties**

3. Plaintiff resides in Texas.

4.      Defendant Cosco Shipping Lines (North America), Inc. is a New Jersey company that may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers INCO at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

5.      Defendant Cosco Shipping Lines Co., Ltd. is a Chinese company that may be served through the Hague Convention at Cosco Plaza, 378 Dongdaming Lu, Hongkou Qu, Shanghai, 20080 China.

6.      Defendant Cosco Auckland Maritime Ltd. is a foreign company that may be served through the Hague convention through its registered owner Cosco Shipping Lines Co., Ltd. at Cosco Plaza, 378 Dongdaming Lu, Hongkou Qu, Shanghai, 20080 China.

## IV.

### Facts

7.      This lawsuit is necessary as a result of severe personal injuries that Plaintiff received on or about July 5, 2020.  On that date, Plaintiff was employed as a longshoreman who was assigned to the M/V Cosco Auckland which is owned, operated, and controlled by Defendants.  There was a low hanging chain across a bay, which should have been removed prior to Plaintiff boarding the vessel.  Moreover, the chain was secured by a bolt, which had been spray painted preventing unscrewing of the securing bolt to remove the chain.  Ultimately, Plaintiff did not see the low hanging chain and fell over it when someone called him from the other side of the bay.  Plaintiff suffered a fractured elbow and torn and retracted triceps tendon.

## V.

## **Causes of Action**

8. Plaintiff hereby incorporates by reference the facts and allegations of the preceding paragraphs and the facts set forth herein.

9. Defendants were negligent and grossly negligent for the following reasons:

   A. failure to properly supervise their crew;

   B. failure to properly train their employees;

   C. failure to provide adequate safety equipment;

   D. failure to provide adequate medical treatment;

   E. failure to have proper deck railing;

   F. failure to maintain the vessel;

   G. failure to warn about hidden hazards aboard the vessel;

   H. failure to remedy a known hazardous condition—i.e. the low hanging chain;

   I. failure to intervene in when it knew that others were acting improvidently;

   J. failure to turnover the vessel in a safe manner;

   K. failure to reasonably exercise its duty of actual control; and

10. On the date in question, the M/V Cosco Auckland was unseaworthy.

11. As a result of said occurrences, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems.  Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress.  In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely.  Plaintiff has also suffered a loss of earnings in the past, as well as a loss

of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

## VI.

### Jury Trial

12. Plaintiff hereby requests a trial by jury on all claims.

## VII.

### Prayer

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants, both jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court including but not limited to:

- Past and future medical damages;
- Past and future loss of earning capacity;
- Past and future physical pain and suffering and mental anguish;
- Past and future impairment;
- Past and future disfigurement;
- Exemplary damages;
- Costs of Court;
- Pre and Post Judgment interest; and
- Any further relief to which Plaintiff is justly entitled.

Respectfully submitted,

/s/ *J.W. Stringer*
J.W. Stringer
Attorney & Counselor at Law
819 Hogan Street
Houston, Texas 77009
Ph 281 591 4770
Fax 281 591 4771
Federal ID No. 19303
State Bar No. 00788487
jwslaw@earthlink.net